IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STEPHAN V. TAYLOR | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-11-CV-0060-P |
| COKE COLA CO. | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Stephan V. Taylor, an African-American male, against his former employer, Coca-Cola Enterprises, Inc., for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*. On January 10, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 8, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e).

II.

Plaintiff was employed by Coca-Cola in an unspecified capacity. On April 1, 2010, while merchandising company products at a local Target Store, plaintiff alleges that he was approached by a white female Target employee and questioned about his personal life. (*See* Mag. J. Interrog., attch., Doc. #5 at Page ID 25). Plaintiff answered her questions and gave the woman his telephone number. (*Id.*). A few weeks later, plaintiff was terminated by Coca-Cola after the woman accused him of sexual harassment. (*Id.*; *see also* Mag. J. Interrog. #3(b)).

On July 26, 2010, plaintiff filed a charge of discrimination with the EEOC alleging that he was terminated on the basis of race. (*See* Mag. J. Interrog., attch., Doc. #5 at Page ID 25). Nowhere in the charge did plaintiff complain of discrimination on the basis of sex. (*Id.*). After concluding that plaintiff failed to present sufficient evidence of a statutory violation, the EEOC issued a right-to-sue letter, which plaintiff received on October 8, 2010. (*See* Mag. J. Interrog. #5 & attch., Doc. #5 at Page ID 28). Plaintiff filed this action in federal court on January 10, 2011.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i)  is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to exhaust administrative remedies with respect to his sex discrimination claim. Under Title VII, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

Here, plaintiff's EEOC charge alleges only race discrimination. (*See* Mag. J. Interrog., attch., Doc. #5, at Page ID 25). Plaintiff did not check the box marked "sex" on the charge form, or make any reference to sex discrimination on the part of defendant. As a result, plaintiff may not bring a

sex discrimination claim in federal court. *See Kretchmer v. Eveden, Inc.*, 374 Fed.Appx. 493, 495, 2010 WL 1141527 at *2 (5th Cir. Mar. 12, 2010) (plaintiff precluded from asserting gender discrimination claim where he did not disclose claim to EEOC in a charge or otherwise).

C.

Although plaintiff has exhausted administrative remedies with respect to his race discrimination claim, that claim is barred by limitations. Title VII requires an aggrieved party to file suit in federal court within 90 days after being notified of his right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). The 90-day limitations period is strictly construed and must not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *see also Taylor*, 296 F.3d at 379. While the statute of limitations is subject to equitable tolling in appropriate cases, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Stith v. Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *5 (N.D. Tex. Mar. 12, 2004), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit requirements for equitable tolling).

Plaintiff received his right-to-sue letter on October 8, 2010, but did not file suit until January 10, 2011 -- four days after the 90-day limitations period expired. No explanation is offered to justify this delay. The court therefore determines that plaintiff's race discrimination claim is time-barred.

See *Diggs v. Cunningham*, No. 3-04-CV-1367-D, 2005 WL 2174956 at *3 (N.D. Tex. Sept. 6, 2005), *rec. adopted*, 2005 WL 2317055 (N.D. Tex. Sept. 20, 2005) (declining to toll 90-day limitations period in Title VII action absent proof that plaintiff was actively misled by defendant or actively pursued judicial remedies during filing period).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Even if plaintiff's race discrimination claim was not barred by limitations, no facts are alleged in his complaint or interrogatory answers to suggest that he was terminated on account of his race. The closest plaintiff comes is alleging that the white female Target employee who falsely accused him of sexual harassment "didn't feel comfortable w/me being in the back room with her." (*See* Mag. J. Interrog. #3(b)). However, plaintiff does not articulate any facts which, if proved, would demonstrate that race was a motivating factor in the decision to terminate him. *See Cheatam v. Blanda*, No. 1-08-CV-299, 2010 WL 2209217 at *5 (E.D. Tex. Apr. 23, 2010), *rec. adopted*, 2010 WL 2209207 (E.D. Tex. May 27, 2010) (dismissing Title VII race discrimination claim because plaintiff failed to plead facts sufficient to establish that she was discriminated against on the basis of race).

DATED: February 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE